UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**CHRISTOPHER RICK MONTEZ,**

  *Plaintiff*

**v.**
                                                          Case No. SA-22-CV-00851-JKP

**TEXAS VISTA MEDICAL CENTER/
SOUTHWEST GENERAL HOSPITAL,**

  *Defendant*

### ORDER ACCEPTING REPORT AND RECOMMENDATION OF
### THE UNITED STATES MAGISTRATE JUDGE

Before the Court is Magistrate Judge Richard Farrer's Report and Recommendation addressing Plaintiff Christopher Montez's Application to Proceed Without Prepaying Fees or Costs. *ECF Nos. 1,12,13*. Also before the Court is Plaintiff Christopher Montez's Motion for Mediation. *ECF No. 15*. After examination of the record pertinent to the construed objections to the Report and Recommendation and independent analysis of the applicable facts and assessment of the law, the Court **ACCEPTS and ADOPTS** Magistrate Judge Farrer's Report and Recommendation. Montez's Motion for Mediation is **DENIED as moot**.

### Legal Standard

When a party objects to a Report and Recommendation this Court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *Longmire v. Guste*, 921 F.2d 620, 623 (5th Cir. 1991). In conducting a *de novo* review, the Court will examine the record pertinent to

the objections and must conduct its own analysis of the applicable facts and make an independent assessment of the law. This Court is not required to give any deference to the magistrate judge's findings. *Id.; Johnson v. Sw. Research Inst.*, 210 F. Supp.3d 863, 864 (W.D. Tex. 2016).

The Court will not conduct a *de novo* review pertaining to any objections that are frivolous, conclusive, or general in nature. *Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). The Court will review those portions of the Report and Recommendation that are not objected to for determination whether the findings and conclusion are clearly erroneous or contrary to law.[1] 28 U.S.C. § 636(b)(1)(C); *United States v. Wilson,* 864 F.2d 1219, 1221 (5th Cir.), *cert. denied,* 492 U.S. 918 (1989).

Consistent with § 636(b)(1) and Federal Rule 72(a), the Court reviews the record pertinent to Montez's objections to Magistrate Judge Farrer's Report and Recommendation.

**Background**

On December 8, 2022, the Court ordered Montez to show cause why his proposed complaint should not be dismissed as frivolous. *ECF No. 5*. The Court conditionally granted IFP status and ordered Montez to file a new IFP application with truthful explanations of his monthly income and expenses. *Id. at 2-3*. In response, Montez filed two requests for extensions of time due to his frequent hospital visits. *ECF Nos. 8, 10*. The Court granted both requests. *ECF Nos.* Despite the Court ordering Montez to amend his proposed Complaint and refile his IFP application, and then extending this deadline twice, Montez failed to comply.

---

[1] While Federal Rule 72(b) does not facially require any review in the absence of a specific objection, the advisory committee notes following its adoption in 1983 state: "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Further, failure to object shall also bar appellate review of those portions of the Magistrate Judge's Report and Recommendation that were ultimately accepted by the district court, unless the party demonstrates plain error. *Thomas v. Arn*, 474 U.S. 140, 150–53 (1985); *United States v. Wilson*, 864 F.2d at 1221.

### Report and Recommendation

Magistrate Judge Farrer recommends this case be dismissed for failure to prosecute and failure to follow a court order based upon Montez's failure to amend his proposed Complaint and refile his IFP application. *ECF No. 13*. Magistrate Judge Farrer recommends Montez's proposed Complaint should be dismissed under the Court's IFP review as frivolous because it contains no factual allegations and asserts no claims against Defendant Texas Vista Medical Center. Montez failed to make any demand for relief, and instead, states only that he "will discuss this matter in court." *Id. at pp. 4-5*. Consequently, Magistrate Judge Farrer concludes the proposed Complaint "fails to comply with even the most basic pleading standards." *Id. at p. 5*.

Finally, Magistrate Judge Farrer concluded there is no basis for subject matter jurisdiction because Montez indicates on the civil cover sheet that he seeks to assert medical malpractice claims under federal-question jurisdiction. *Id. at p. 6*. However, Montez fails to identify any federal statute in support of these claims, and a federal court has no subject-matter jurisdiction over generic medical malpractice claims. Montez further indicates that both parties are Texas citizens, so diversity jurisdiction is unavailable. *Id*. Thus, even if Montez were to amend his complaint with factual allegations establishing a viable medical malpractice claim, there would be no apparent basis for the Court to exercise jurisdiction. *Id. at pp. 6-7*. Consequently, Magistrate Judge Farrer concluded amendment of the proposed Complaint is futile. *Id*.

### Objections and Analysis

On March 22, 2023, Montez filed what is styled as "An Appeal," which this Court construes as an objection to the Report and Recommendation. *ECF No. 16*. In the construed

objection, Montez states, "[m]y claim is very well stated, in my complaint…I've provided all the information essentially to support my medical documents. Also my 'Claims' are to be discussed with Texas Vista Medical Center and not you." *Id*.

These construed objections are not specific to any findings or conclusions with the Report and Recommendation, but instead, indicate Montez's dissatisfaction with the Recommendation, itself and defiance of a court order. *See id*. Consequently, this Court need not conduct a *de novo* review. *See Battle*, 834 F.2d at 421. Nevertheless, in the interest of caution, this Court conducted a *de novo* review of the record pertinent to the conclusions and findings within Magistrate Judge Farrer's Report and Recommendation and Montez's construed objections.

Upon review, this Court **ACCEPTS and ADOPTS** Magistrate Judge Farrer's Report and Recommendation in its entirety. Review of Montez's Complaint reveals he fails to state any ascertainable factual allegations against Texas Vista Medical Center to support a cause of action. Montez failed to make any demand for relief and failed to assert any federal statute in support of a plausible claim or any basis for diversity jurisdiction. *See* 28 U.S.C. § 1332.

## Conclusion

This case is **DISMISSED** with prejudice for failure to prosecute or comply with court orders and for failure to state a non-frivolous claim. *See* Fed. R. Civ. P. 41(b); 28 U.S.C. § 1915(e). This Court will issue an appropriate Final Judgment by separate filing. Montez's Motion for Mediation is **DENIED as moot**.

It is so ORDERED.
SIGNED this 27th day of March, 2023.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE